UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-61582-RAR

JOHNSON CUFFY,

    Petitioner,

v.

RICKY DIXON, SECRETARY OF
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Respondent's Motion to Dismiss Petition as Impermissibly Successive ("Mot."), [ECF No. 11]. Petitioner, Johnson Cuffy, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Pet."), [ECF No. 5], alleging that the criminal judgment imposed by the Seventeenth Judicial Circuit Court in and for Broward County, Florida, in Case No. 08-019151CF10A is unconstitutional. Respondent asks the Court to dismiss the Petition, arguing that it is an unauthorized successive petition in violation of 28 U.S.C. § 2244(b)(3)(A). *See* Mot. at 6. Petitioner contends that the Petition is not successive because his "original judgment and sentence was vacated on January 4, 2023" and the state trial court resentenced him on June 21, 2023. Pet. at 1.

After reviewing the lengthy procedural history of Petitioner's case, the Court agrees with Respondent that the Petition is improperly successive. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Dismiss is **GRANTED**.

## PROCEDURAL HISTORY

After being convicted of racketeering, conspiracy to commit racketeering, and six counts of grand theft, a state trial court sentenced Petitioner to thirty (30) years in prison on November

30, 2012. *See Cuffy v. Inch*, No. 18-CV-62463, 2021 WL 247917, at *1 (S.D. Fla. Jan. 26, 2021), *certificate of appealability denied sub nom.*, No. 21-10896, 2022 WL 4242849 (11th Cir. Apr. 19, 2022). Cuffy's original judgment and sentence became final on May 18, 2016, ninety (90) days after the Florida Fourth District Court of Appeal affirmed on February 18, 2016. *See id.* at *4 n.7 (citing *Cuffy v. State*, 186 So. 3d 1037, 1037 (Fla. 4th DCA 2016)). Cuffy then challenged the constitutionality of his conviction in federal court by filing a § 2254 petition on October 8, 2018. *See id.* at *2. In a lengthy order, United States District Judge Roy K. Altman concluded that Petitioner's § 2254 petition was untimely and dismissed it. *See id.* at *12.

On February 17, 2021, Petitioner filed a Motion to Correct Illegal Sentence under FLA. R. CRIM. P. 3.800(a) in state court, arguing that the original sentencing judge had improperly considered conduct that Petitioner had never been charged with. *See* Motion to Correct Illegal Sentence, [ECF No. 14-3] at 29 ("Mr. Cuffy believes that when Judge Holmes stated he was as well charged with money laundering, that the Court violated his due process rights and sentenced him to an allegation he was not charged with." (errors in original)). The state postconviction court granted Petitioner's motion, vacated his sentence, and scheduled a resentencing hearing. *See* Order Granting Motion to Correct Illegal Sentence, [ECF No. 14-3] at 52. Although the State argued at resentencing that Petitioner should "be sentenced to the same sentence that was previously done" (e.g., thirty years), Resentencing Tr., [ECF No. 12-4] at 8, the trial court was persuaded that Petitioner had "learned from [his] experience" in prison and instead imposed a twenty-five (25) year sentence, *id.* at 33. The trial court specifically held, however, that Petitioner's judgment and sentence would "be *nunc pro tunc* to the sentencing of 11/30/2012." *Id.* at 35; *see also* Resentencing Documents, [ECF No. 12-3] at 1–26.

Immediately after being resentenced, Petitioner filed a FED. R. CIV. P. 60(b) "Motion to Reopen Case" in his original habeas proceeding. *See Cuffy v. Sec'y, Dep't of Corr.*, No. 18-CV-

62463, 2023 WL 5487500, at *1 (S.D. Fla. July 5, 2023). Judge Altman denied this motion, explaining to Petitioner that "while [Petitioner's] resentencing might create an avenue for him to collaterally attack his original conviction and sentence, [the Court's] order [dismissing the original § 2254 petition] 'was correct when it was decided'—which, as a practical matter, means that Cuffy's resentencing cannot 'create an extraordinary circumstance under Rule 60(b)(6).'" *Id.* at *3 (quoting *Arthur v. Thomas*, 739 F.3d 611, 632 (11th Cir. 2014)). The Court further advised Petitioner that "[i]f [he] believes that his resentencing has reset the statute of limitations that would govern a <u>new</u> § 2254 petition, he's more than welcome to file a <u>new</u> petition and to initiate a <u>new</u> case." *Id.*

Instead of filing a new case in this Court, Petitioner filed an "Application for Leave to File a Second or Successive Habeas Corpus Petition" with the Eleventh Circuit. *See* Application, [ECF No. 12-1] at 1–19. Petitioner argued that, since he "was resentenced on June 21, 2023," the district court should be allowed "to address the merits of [his] claim." *Id.* at 6. The Eleventh Circuit denied Petitioner's application "as unnecessary" since Petitioner "ha[d] not filed a § 2254 petition since the state court amended his judgment in 2023." Order Denying Application, [ECF No. 12-2] at 4.

## ANALYSIS

Respondent asserts that, despite Petitioner being resentenced earlier this year, his Petition is successive to the 2018 Petition that was adjudicated by Judge Altman. Respondent contends that Petitioner's "sentence in 2023 was *nunc pro tunc* to November [30], 2012" and that, under binding Eleventh Circuit case law, a *nunc pro tunc* judgment "relates back to the originally imposed sentence" and does not create a "new" judgment under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Mot. at 3–4.

Once a petitioner files a § 2254 petition that is adjudicated on the merits, he or she is generally barred from filing a subsequent petition pursuant to § 2244(b). *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("In the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar."). Judge Altman found that Petitioner's original § 2254 petition was time-barred, *see Cuffy*, 2022 WL 4242849, at *12, and dismissing a § 2254 petition as untimely is an "adjudication on the merits" for purposes of determining successiveness, *see Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007); *see also Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) ("[A] second petition is successive if the first was denied or dismissed with prejudice, and a dismissal for untimeliness is with prejudice[.]" (internal citations omitted)). However, "when a habeas petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014). This leads the Court to the dispositive question in this case: Did Petitioner's 2023 resentencing create a "new judgment"?

To answer this question, the Court first looks to two Eleventh Circuit cases that have narrowed the definition of what a "new judgment" is. First, in *Patterson v. Secretary, Florida Department of Corrections*, 849 F.3d 1321 (11th Cir. 2017) (en banc), the en banc Eleventh Circuit rejected appellant's argument that "any order that alters a sentence necessarily constitutes a new judgment[.]" *Id.* at 1326. Instead, the court clarified that "the only judgment that matters is the judgment that authorizes [the petitioner's] confinement[.]" *Id.* at 1328. In other words, "the magnitude and type of change" to a habeas petitioner's sentence is irrelevant unless there is a <u>new</u> order which "authorizes his confinement." *Id.* at 1327.

*Patterson*'s holding was put to the test in *Osbourne v. Secretary, Florida Department of Corrections*, 968 F.3d 1261 (11th Cir. 2020). In that case, a Florida state prisoner's sentence was

amended after "the trial court ordered that an 'amended sentence' be entered, '*nunc pro tunc* to April 21, 2003, to reflect the deletion of the ten year mandatory minimum on Osbourne's robbery conviction (count one) only.'" *Id.* at 1263 (alteration accepted). The court found that this *nunc pro tunc* resentencing did not create a "new judgment" because "the correction to the sentence . . . related back to the date of the initial judgment and was not a 'new judgment' for purposes of § 2244." *Id.* at 1267. The Eleventh Circuit has since clarified that any amended judgment that relates back to an older judgement is not "new" under AEDPA. *See Miller v. Sec'y, Dep't of Corr.*, No. 21-10233, 2022 WL 29924, at *2 (11th Cir. Jan. 4, 2022) ("Miller argues that, because the amended judgment was not entered *nunc pro tunc*, it is a new judgment. Although the state court here did not use that exact phrase, the amended sentence was, effectively, imposed *nunc pro tunc*, as it specified that the sentences on all three counts were 'Effective 8/01/05'—the date of the original judgment[.]").

The Court agrees with Respondent that *Osbourne* is controlling in this case. The resentencing court held that Petitioner's sentence "will be *nunc pro tunc* to the sentencing of 11/30/2012." Resentencing Tr., [ECF No. 12-4] at 35.[1] An amended sentence that is "imposed *nunc pro tunc* under Florida law" relates back to the original judgment, so it cannot create a "new judgment" that authorizes Petitioner's confinement as required by *Patterson*. *Osbourne*, 968 F.3d at 1266–67.

---

[1] Petitioner's resentencing documents do not contain the phrase "*nunc pro tunc*." *See* Resentencing Documents, [ECF No. 12-3] at 1–26. But, as the Eleventh Circuit made clear in *Miller*, an amended judgment does not need to be emblazoned with the words "*nunc pro tunc*," so long as the state court clearly intended for the amended judgment to relate back to the original judgment—which is what happened in this case since the resentencing court orally ordered that the amended judgment be *nunc pro tunc* to the date of Petitioner's original sentence. *See Miller*, 2022 WL 29924, at *2; *see also Ashley v. State*, 850 So. 2d 1265, 1268 (Fla. 2003) ("[A] court's oral pronouncement of sentence controls over the written document.").

The Court recognizes that there is one notable difference between *Osbourne* and the instant case, but this difference does not affect the successiveness of the Petition. In *Osbourne*, the habeas petitioner's overall sentence remained unchanged, whereas Petitioner's sentence was reduced from thirty years to twenty-five years. *Compare id.* at 1263, *with* Resentencing Tr., [ECF No. 12-4] at 32–35. Even though Petitioner is serving a "new sentence," a judgment is "comprised of both the sentence <u>and conviction</u>." *Insignares*, 755 F.3d at 1281 (emphasis added). Since Petitioner's amended judgment is *nunc pro tunc* to the November 30, 2012 judgment, the judgment that "authorizes [Petitioner's] confinement" is still the same November 30, 2012 judgment that Petitioner challenged in his original § 2254 petition. *See Patterson*, 849 F.3d at 1327; *Osbourne*, 968 F.3d at 1267. The Court also notes that there have been at least two district court decisions (including one authored by the undersigned) finding that *Osbourne* still applies to *nunc pro tunc* amended judgments that reduce a habeas petitioner's sentence. *See James v. Sec'y, Dep't of Corr.*, 499 F. Supp. 3d 1169, 1174 (S.D. Fla. 2020) (holding that an amended judgment which reduced a life sentence to a fifty-five year sentence "contain[ed] a nunc pro tunc designation. And, therefore, . . . [did] not qualify as a new judgment . . . [it] instead relate[s] back to the date of the original judgment"); *Richardson v. Sec'y, Dep't of Corr.*, No. 20-CV-489, 2023 WL 4419731, at *2 (M.D. Fla. July 10, 2023) ("The trial court reduced the fifty-five year prison sentence to forty years and entered the second amended judgment on January 10, 2023. Because the trial court also entered the second amended judgment *nunc pro tunc* to March 17, 1997, the date when the initial judgment entered, the second amended judgment was not a new judgment that reset the limitation period.").

The Court concludes with one final point. The Eleventh Circuit appears to have implicitly found that Petitioner's resentencing created a new judgment when it denied his application to file a second or successive petition. *See* Order Denying Application, [ECF No. 12-2] at 4 ("To the extent that [Petitioner] seeks authorization to file a § 2254 petition relating to the new judgment,

we deny the application as unnecessary because research shows that he has not filed a § 2254 petition since the state court amended his judgment in 2023."). While the Court is loath to contradict an order rendered by a three-judge panel of the Eleventh Circuit, Respondent is absolutely correct that "the Eleventh Circuit was not put on notice of all the information demonstrating Petitioner remains incarcerated under his original judgment entered in 2012." Mot. at 2. A review of Petitioner's Application indicates that Petitioner never mentioned that his resentencing was *nunc pro tunc* to November 30, 2012, and the "Disposition Order" Petitioner attached to his Application similarly makes no mention that the amended judgment was *nunc pro tunc*. *See* Application, [ECF No. 12-1] at 1–18. The Court simply has more information than the Eleventh Circuit did when it denied Petitioner's Application, and so, armed with the benefit of knowing that the amended judgment was *nunc pro tunc* to the original sentencing date, the Court can independently conclude that the Petition is successive. *See Jordan*, 485 F.3d at 1358 ("The district court is to decide the § 2244(b)(1) & (2) issues fresh, or in the legal vernacular, *de novo*.").[2]

## CONCLUSION

Because the Petition is successive, this Court lacks jurisdiction to consider the contents therein since the Eleventh Circuit Court of Appeals must first grant Petitioner an application to file a second or successive petition. *See Osbourne*, 968 F.3d at 1264 ("Absent authorization from [the court of appeals], the district court lacks jurisdiction to consider a second or successive habeas petition."); *accord* 28 U.S.C. § 2244(b)(3)(A). In addition, the Court cannot issue a certificate of appealability, as it lacks jurisdiction to consider the Petition. *See Williams v. Chatman*, 510 F.3d

---

[2] Three-judge orders that are "issued pursuant to 28 U.S.C. § 2244(b) in the context of applications for leave to file second or successive [habeas petitions]" can be binding precedent, but only when they are published and only insofar as the order "establishe[s]" law. *United States v. St. Hubert*, 909 F.3d 335, 346 (11th Cir. 2018), *abrogated on other grounds by United States v. Taylor*, 142 S. Ct. 2015 (2022). The order denying Petitioner's Application was not published and did not "establish" any law, so it has no precedential weight. *See* Order Denying Application, [ECF No. 12-2] at 2–4.

1290, 1295 (11th Cir. 2007) ("Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.").

It is thus **ORDERED AND ADJUDGED** that Respondent's Motion to Dismiss, [ECF No. 11], is **GRANTED**. The Amended Petition, [ECF No. 5], is **DISMISSED** for lack of subject-matter jurisdiction. Any other pending motions are **DENIED as moot**. Further, any demands for an evidentiary hearing are **DENIED**, and a certificate of appealability shall **NOT ISSUE**. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 27th day of September, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

   Johnson Cuffy
   DC # L74637
   Avon Park Correctional Institution
   Inmate Mail/Parcels
   8100 Highway 64 East
   Avon Park, FL 33825
   PRO SE